T.C. Summary Opinion 2007-142


UNITED STATES TAX COURT



BAMIDELE ARIKE KOLAPO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8217-06S.                    Filed August 15, 2007.


Bamidele Arike Kolapo, pro se.

<u>Carrie L. Kleinjan</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income tax of $2,189 for 2003 and $2,441 for 2004. After concessions,[2] we must decide whether petitioner is entitled to claim the remaining miscellaneous deductions in dispute.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Irvington, New Jersey.

Petitioner was employed as a system administrator for Medco Health, L.L.C. (Medco), in 2003 and 2004. Petitioner worked primarily in Medco's Parsippany, New Jersey, office but sometimes worked in Medco's Franklin Lake, New Jersey, office in 2003 and 2004. She worked in Franklin Lake in April, June, and September

---

[2] Petitioner claimed deductions on Schedules A, Itemized Deductions, for charitable contributions of $1,717 in 2003 and $1,705 in 2004. Respondent disallowed the $245 noncash portions of these claimed charitable contributions for both 2003 and 2004. Petitioner subsequently substantiated greater charitable contributions than she had originally claimed on her returns, and respondent conceded that petitioner was entitled to deductions of $3,380 for 2003 and $3,900 for 2004 unless the standard deduction is more advantageous. Petitioner also provided documentation to substantiate that she paid union dues of $315.20 in 2003 and $391.80 in 2004 and tax preparation fees of $150 in both 2003 and 2004. Respondent concedes that the union dues expenses and the tax preparation fees are deductible, but only to the extent they exceed 2 percent of petitioner's adjusted gross income. See infra note 3.

of 2003 and July, August, and September of 2004.  Petitioner worked in Parsippany during the remaining 9 months of each year.

Petitioner timely filed Federal income tax returns in which she reported adjusted gross income of $24,719 for 2003 and $29,207 for 2004.  On March 20, 2006, respondent issued two separate notices of deficiency for 2003 and 2004, respectively. Petitioner timely filed a petition with this Court regarding both 2003 and 2004.  The following miscellaneous deductions remain in dispute:[3]

| Miscellaneous Expense | 2003 | 2004 |
|---|---|---|
| Vehicle expense | $9,040 | $9,519 |
| Parking fees, tolls, transportation | 98 | 320 |
| Business expenses | 4,800 | 4,580 |
| Work materials, work clothes, and cleaning expenses | 5,800 | 5,644 |

Petitioner provided no receipts or contemporaneous records to substantiate any of her claimed miscellaneous expenses.  In January 2005, after the IRS informed petitioner her returns were being audited, and on the recommendation of her accountant, petitioner prepared logs from memory relating to her

---

[3] Sec. 67(a) allows miscellaneous itemized deductions only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income.  Whether the miscellaneous deductions are allowed will affect whether it would be more beneficial for petitioner to itemize or claim the standard deduction in either 2003 or 2004.

miscellaneous expenses.  Petitioner's logs indicate that she drove her vehicle 420 miles each week for work, paid $40 each week to clean her work clothes and lab coat, and paid $65 each month for a cell phone used in conjunction with her work during 2003 and 2004.  Petitioner's logs of her mileage did not distinguish between the days she worked in Parsippany and the days she worked in Franklin Lake, nor did the logs provide the route she took to get to Franklin Lake when she worked there.  Parsippany and Franklin Lake are in the same metropolitan area, both less than 35 miles from petitioner's home.  Petitioner used her cell phone for personal use as well as to communicate with her employer.

### Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4]

Deductions are strictly a matter of legislative grace and the taxpayer bears the burden of proving entitlement to the

---

[4] Pursuant to sec. 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information.  Petitioner has not met the requirements of sec. 7491(a).

claimed deduction. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, taxpayers bear the burden of substantiating the amount and purpose of each item they claimed as a deduction. See <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162 generally allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Such expenses must be directly connected with or pertain to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs. A trade or business includes the trade or business of being an employee. <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 363-364 (1988); sec. 1.162-17(a), Income Tax Regs. Whether an expenditure satisfies the requirements of section 162 is a question of fact. <u>Commissioner v. Heininger</u>, 320 U.S. 467, 475 (1943).

Respondent argues that petitioner has failed to substantiate the claimed miscellaneous expenses remaining in dispute. The only records petitioner produced at trial were logs of her estimated mileage, cell phone expenses, and cleaning expenses,

which she wrote from memory after she found out her returns were going to be audited.

First, we will address petitioner's vehicle expenses. Expenses for transportation between a taxpayer's residence and his or her place of business or employment are generally considered personal expenses, the deduction of which is prohibited by section 262. See Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. However, the costs of going from one business location to another generally are deductible under section 162(a). Rev. Rul. 55-109, 1955-1 C.B. 261.

Petitioner worked in Franklin Lake during only 3 months per year in 2003 and 2004 and testified that, even then, she worked there only two or three times a week. Yet petitioner's logs indicate that she drove 420 miles between her home and Franklin Lake during every week of 2003 and 2004. At trial, petitioner acknowledged her mileage logs were incorrect but failed to elaborate on that acknowledgment. She argued that when she worked in Franklin Lake, she drove from her home to Parsippany and then from Parsippany to Franklin Lake but never directly from her home to Franklin Lake. However, petitioner was unsure of herself and unclear when she tried to explain the mileage

traveled for purposes of her claimed deduction.  Given the contradictory nature and general unreliability of petitioner's testimony and the evidence produced, we find that petitioner has failed to substantiate her 2003 and 2004 vehicle expenses.

Next, we must address petitioner's cleaning expenses. Petitioner provided no receipts to substantiate her cleaning expenses.  As we have already established, petitioner's logs are unreliable and insufficient to substantiate those expenses. Additionally, petitioner failed to show that she was required to wear a uniform to work, thus failing to prove that her cleaning expenses met the ordinary and necessary business requirement under section 162.  Accordingly, we sustain respondent's determination to disallow petitioner's deduction for her cleaning expenses.

We must next address petitioner's cell phone expenses.  As a general rule, section 262 prohibits a deduction for expenses that are personal in nature.  The prohibition of section 262 regarding the deductibility of personal expenses takes precedence over the allowance provision of section 162, Sharon v. Commissioner, 66 T.C. 515, 522-525 (1976), affd. 591 F.2d 1273 (9th Cir. 1978), and a taxpayer must demonstrate that the expenses at issue were different from or greater than what he would have spent for personal purposes, Sutter v. Commissioner, 21 T.C. 170, 173-174 (1953).

Petitioner used her cell phone in 2003 and 2004 for personal, as well as business, purposes. The $65 she paid each month for cell phone usage during the years in issue was a standard monthly charge. While petitioner may have used her cell phone for business, as well as personal, purposes, there is no indication that she paid any more than she would have had she not used it for work. Accordingly, we find that section 262 prohibits petitioner from claiming her cell phone expense deductions.

Finally, with regard to the remaining expense deductions in dispute, petitioner produced no contemporaneous books, records, or receipts to substantiate them.[5] Petitioner having failed to substantiate the deductions for those expenses, we find that petitioner is not entitled to them.

We hold that petitioner is not entitled to any of the disallowed miscellaneous deductions in dispute. As a result, we note that the standard deduction for the years in issue might be more advantageous to petitioner than the allowed itemized

---

[5] At trial, petitioner submitted a document indicating that total union dues of $728.45 were paid on her behalf in 2004. Petitioner argued at trial that this was the proper amount of union dues she paid in 2004. However, without more evidence that petitioner actually paid this amount, and given the unreliability of petitioner's other testimony and evidence, we find that petitioner is entitled to only the amount stipulated with respondent. See supra note 2.

deductions.  Therefore, that determination will be based on the calculations of the parties.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.